United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISON**

|  |  |  |
|---|---|---|
| ORLANDO SANCHEZ, | § | |
| (TDCJ #1197528) | § | |
|  | § | |
| Plaintiff, | § | |
|  | § | |
| v. | § | CIVIL ACTION NO. 7:24-cv-00336 |
|  | § | |
| NADIA S. MEDRANO, | § | |
| U.S. MAGISTRATE JUDGE | § | |
| RANDY CRANE, | § | |
| CHIEF U.S. DISTRICT JUDGE | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff, Orlando Sanchez, proceeding *pro se*, filed a complaint pursuant to *Bivens*,[1]

against U.S. Magistrate Judge Nadia Medrano and U.S. Chief District Judge Randy Crane.  (Dkt.

No. 1).  Plaintiff is currently incarcerated by the Texas Department of Criminal Justice ("TDCJ")

in the Coffield Unit in Tennessee Colony, Texas.  (Dkt. No. 1).  Thus, the Prison Litigation Reform

Act ("PLRA") requires the Court conduct an initial screening and dismiss the complaint if it is

"frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks

monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.[2]

This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b).  The

undersigned has conducted a judicial screening of Plaintiff's pleading and concludes the claims

---

[1] *Bivens v. Six Unknown Named Agents,* 402 U.S. 388 (1971).

[2] The Plaintiff paid filing fee and is not proceeding *in forma pauperis*; therefore, 28 U.S.C. § 1915(e)(2) is
inapplicable to this proceeding.  (Dkt. Entry Dated Aug. 15, 2024).

1

are frivolous, have failed to state a claim upon which relief can be granted, and request monetary relief from defendants that are immune from such relief.

Therefore, the undersigned recommends Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2).

## I.    BACKGROUND

Plaintiff initiated the present suit alleging *Bivens* claims analogous to a 42 U.S.C. § 1983 claim[3] against two federal judges. (Dkt. No. 1). These claims arise from a federal habeas petition the Plaintiff filed, which was heard by the defendant Judges. *See Sanchez v. Lumpkin*, Case No. 7:22-cv-112. Plaintiff, proceeding *pro se*, attempted to file a habeas petition under 28 U.S.C. § 2241. Case No. 7:22-cv-112, Dkt. No. 1. Plaintiff filed this petition in the Eastern District of Texas, Tyler Division, as he is incarcerated in the TDCJ facility within that jurisdiction. There, the case was referred to a magistrate judge, who ordered transfer to the Southern District of Texas, McAllen Division. *Id.*, Dkt. No. 3. The case was transferred pursuant to 28 U.S.C. § 2241(d), which provides venue is proper in two places: (1) the district court located where the inmate is incarcerated, or (2) the district court located where the inmate was convicted by the state. Because Plaintiff challenged his conviction out of Hidalgo County, Texas,[4] the magistrate judge in the Eastern District of Texas determined venue was better suited in the Southern District of Texas,

---

[3] Federal law creates a cause of action against any person who, under color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action creates a similar cause of action but for those acting under color of federal law. *E.g., Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

[4] Plaintiff was found guilty of murder by a jury verdict in the 332nd District Court, Hidalgo County, Texas on September 18, 2003, and sentenced to 68 years in prison. The conviction and sentence was initially reversed on direct appeal to the Thirteenth Court of Appeals but eventually reinstated and affirmed by the Texas Court of Criminal Appeals. Case No. 7:22-cv-122, Dkt. No. 9 at 3-4; *see also Sanchez v. State*, 376 S.W.3d 767, 776 (Tex. Crim. App. 2012).

pursuant to statute and Fifth Circuit precedent. *Id.*, Dkt. No. 3 at 1. Thus, the Tyler Division magistrate judge ordered a transfer to the McAllen Division since Plaintiff's underlying conviction was in Hidalgo County. *Id.*, Dkt. No. 3 at 2.

Once transferred, Plaintiff's habeas petition was assigned to U.S. Magistrate Judge Medrano. Case No. 7:22-cv-122, Dkt. Entry Dated April 4, 2022. Thereafter, Judge Medrano issued an "Order and Notice" informing Plaintiff his habeas petition was incorrectly filed. *Id.*, Dkt. No. 6. Particularly, Plaintiff improperly filed his habeas petition under § 2241, but it was governed by § 2254 per the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* AEDPA provides certain restrictions for state prisoners challenging their convictions, which cannot be avoided by mischaracterizing the habeas petition under § 2241. *Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005); *see also Maldonado v. Lumpkin*, No. 7:20-CV-00222, 2021 WL 9527515, at *5 (S.D. Tex. Sept. 29, 2021), *report and recommendation adopted,* No. CV-M-20-00222, 2022 WL 4751185 (S.D. Tex. Sept. 30, 2022). Thus, Judge Medrano informed Plaintiff to the extent his habeas petition was characterized as governed by 28 U.S.C. § 2254, he may be prohibited from asserting additional claims in the future or filing a second or successive petition under § 2254. Case No. 7:22-cv-112, Dkt. No. 6 at 2. Judge Medrano provided plaintiff an opportunity to amend his petition to ensure all his claims were included or to withdraw his petition, to preserve his claims. *Id.*

Instead, Plaintiff filed an objection, arguing his habeas petition was governed by § 2241 and was improperly characterized as a habeas petition under § 2254, that jurisdiction was only proper in the Tyler division, and requested his case be retransferred to the Eastern District of Texas. Case No. 7:22-cv-112, Dkt. No. 7. Judge Medrano then issued a second order informing Plaintiff of the same. *Id.*, Dkt. No. 8. Plaintiff took no action. Thus, Judge Medrano issued a "Report and

Recommendation" recommending Plaintiff's petition be dismissed without prejudice. *Id.*, Dkt. No. 9. Plaintiff objected to the "Report and Recommendation" for the same reasons as before. *Id.*, Dkt. No. 10. Chief Judge Crane adopted said "Report and Recommendation" and dismissed Plaintiff's habeas petition without prejudice. *Id.*, Dkt. No. 11.

These events led Plaintiff to file the present action against U.S. Magistrate Judge Medrano and U.S. Chief District Judge Crane ("the Judges"). Plaintiff alleges various constitutional violations against both judges. (Dkt. No. 1).

Plaintiff alleges Judge Medrano violated the following:

(1) First Amendment right to choose his position before the law;
(2) First Amendment right to choose his forum;
(3) the privileges and immunities clause of article IV and of the Fourteenth Amendment;
(4) his due process rights to have his § 2241 petition heard;
(5) and his equal protection rights.

(Dkt. No. 1 at 5-6).

Additionally, Plaintiff accuses Judge Medrano of acting without jurisdiction in the following ways:

(1) obstructed Plaintiffs right to choose his position before the law;
(2) impeded Plaintiff's right to access an article III forum;
(3) deliberately and intentionally defrauded Plaintiff of a right under the privileges and immunities clause of both article IV and the Fourteenth Amendment;
(4) and initiating a conspiracy to defraud Plaintiff of his rights.

(*Id.* at 6-7).

Plaintiff contends Judge Medrano violated these rights by not retransferring the case back to the Eastern District of Texas, by not allowing him to present his habeas petition under § 2241, and by dismissing his case. (*Id.*). Plaintiff alleges Chief District Judge Crane joined the conspiracy and violated all the above-mentioned rights by adopting Magistrate Judge Medrano's "Report and Recommendation." (*Id.* at 7-10).

## II.    LEGAL STANDARD OF REVIEW UNDER §1915A

Under the PLRA, a district court must review a prisoner's complaint seeking relief from a governmental entity, officer, or employee, as soon as possible after docketing. 28 U.S.C. § 1915A. This provision provides for *sua sponte* dismissal of the complaint or any portions of it, when it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

To be frivolous, a complaint must lack "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint will lack an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint will lack an arguable basis in fact if it relies on "fantastic or delusional scenarios." *Id.* at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A claim is malicious if it is substantially similar to and arises from the same events as a claim previously brought by the plaintiff. *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

A complaint fails to state a claim upon which relief may be granted when the plaintiff fails to allege enough facts that make the claim plausible on its face and fails to raise the right to relief beyond a speculative level. *Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although well-pleaded facts are taken as true, the Court does not need to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Whatley v. Coffin*, 496 F. App'x 414, 415

(5th Cir. 2012) (citations omitted). Naked assertions alone are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pleadings of *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But "liberal construction does not require that the Court…create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:13-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

### III.   ANALYSIS – PRELIMINARY SCREENING

The undersigned construes Plaintiff's pleading as broadly asserting four claims. Plaintiff also alleges judicial immunity does not bar his claims. However, Plaintiff's complaint fails every ground listed under 28 U.S.C. § 1915A. To be sure, all grounds upon which his complaint fails will be addressed.

#### a.   *Bivens* **Review**

As a preliminary matter, Plaintiff brings this suit under *Bivens*. (Dkt. No. 1 at 1). Thus, before delving into the specific allegations Plaintiff presents, it is necessary to discuss *Bivens*. *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) ("the *Bivens* question…is antecedent to other questions presented") (citations omitted). In the first instance, his suit fails here.

When assessing *Bivens* claims, courts are tasked with asking two questions. *Oliva v. Nivar*, 973 F.3d 438, 441-42 (5th Cir. 2020). First, whether the Plaintiff's claims fall within one of three existing *Bivens* actions. *Id.* at 42 (citing *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)). Second, if not, whether the Court should recognize a new *Bivens* action in the present case. *Id.*

Generally, *Bivens* claims are limited to three specific circumstances: (1) a plaintiff who is "manacled" in front of his family and then strip searched in violation of the Fourth Amendment;

(2) a staff person suffering discrimination on the basis of sex by a congressman in violation of the Fifth Amendment; and (3) an asthmatic prisoner in federal custody not receiving medical attention in violation of the Eighth Amendment. *See Bivens*, 402 U.S. at 389-90; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). Anything outside these three specific circumstances presents a "new context" and extending *Bivens* to new contexts is a "disfavored judicial activity." *Nivar*, 973 F.3d at 442 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). When analyzing a "new context," courts consider "whether there are 'special factors counselling hesitation' about using *Bivens* to imply a new cause of action." *Dowell v. Kobayashi*, No. H-22-4486, 2023 WL 2227712, at *3 (S.D. Tex. Feb. 24, 2023) (citations omitted). "A special factor is a sound reason to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). If any special factor exists, *Bivens* should not be extended to the new cause of action. *Id.* at 309.

With this in mind, the undersigned addresses Plaintiff's allegations in the *Bivens* context. Namely, Plaintiff alleges the Judges, acting under color of federal law, denied him access to his forum of choice, the Eastern District of Texas, to have his "§ 2241 habeas petition" addressed. (Dkt. No. 1). Plaintiff then alleges this judicial act violated a myriad of constitutional provisions. Such factual context does not fall within any of the three circumstances addressed above. The differences are apparent. Thus, because this is a new context, the Court will review for any special factors discouraging *Bivens* extension. *Canada*, 950 F.3d at 309. As stated, extending *Bivens* to new contexts is disfavored, and should not be done lightly. *Ziglar*, 582 U.S. at 135. In fact, the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*" for nearly 40 years. *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020).

In Plaintiff's case, there are a few special factors that warrant not extending *Bivens*. First, the purpose of *Bivens* is to deter the government actor from violating constitutional rights. *Ziglar*, 582 U.S. at 141-42. Allowing this suit to continue would not carry out this purpose. The Judges in question have no reason to be deterred when they were simply carrying out their normal governmental function in the manner prescribed by statute and controlling authority. Second, *Bivens* provides a damages remedy,[5] and although Plaintiff alleges monetary damages would alleviate his alleged constitutional violations, there are serious doubts. Relatedly, there is already a structure present that would allow Plaintiff to vindicate his alleged constitutional harm. *Ziglar*, 582 U.S. at 137. Plaintiff's alleged harm was that the court he wanted did not hear his case. That is all. But Plaintiff suffered no harm, Plaintiff was explained that he could go forward with his petition under section 28 U.S.C. § 2254, but he decided not to. Based on his response, the court dismissed the petition *without* prejudice. Thus, since the dismissal was *without* prejudice, Petitioner's first habeas claim, underlying this suit, can still be litigated using the proper framework already created by Congress. 28 U.S.C. § 2254.

In any regard, there is no need to address any of these issues because Plaintiff is suing two federal judges that acted in their judicial capacity with proper jurisdiction.[6] In a similar case, the Fifth Circuit decided defendant judges were immune, in a *Bivens* cause of action, because their handling of plaintiff's previous case was a judicial act performed with jurisdiction. *Butcher v.*

---

[5] *See Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017) ("In sum, if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy…"). It is important to note that in the present case Plaintiff suffered no wrong, and that only makes it more evident why such a remedy should not be extended.

[6] *See Hernandez v. Mesa*, 582 U.S. 548, 553-54 (2017) (noting that "disposing of a Bivens claim by resolving the constitutional question, while assuming the existence of a Bivens remedy—is appropriate in many cases").

*Guthrie*, 332 Fed. App'x 161, 161-62 (5th Cir. 2009) (per curiam).  The Court did not engage in

the *Bivens* analysis because the appeal presented "no legal points arguable on their merits" and it

dismissed the appeal.  *Id.* at 162.  The same is true here.  The Judges have judicial immunity (as

discussed below) and there is no reason to overcome the immunity, much less extend a new cause

of action under *Bivens*.

For these reasons, the undersigned recommends Plaintiff's complaint be dismissed.  As

outlined, Plaintiff does not have a basis on which to bring this lawsuit, however, the §1915A

defects will be discussed below in greater detail.

**b.  <u>Access to the Courts Claim</u>**

Generally, Plaintiff claims the defendants denied him access to the courts.  (Dkt. No. 1 at

11-14).  Although prisoners do have a right to access the courts, this right does not guarantee any

"particular methodology but rather the conferral of a capability – the capability of bringing

contemplated challenges to sentences or conditions of confinement before the courts."  *Lewis v.*

*Casey*, 518 U.S. 343, 356 (1996).  In other words, Plaintiff has a right to present his claims before

a court, but this does not mean Plaintiff can do this in whichever way he chooses.

Plaintiff's access to the courts claim is frivolous because it does not have any arguable

basis in either law or in fact.  *Neitzke*, 490 U.S. at 325.  First, no defendant prevented Plaintiff from

accessing the courts.  In fact, he could have had his habeas petition heard, but it was dismissed

because of Plaintiff's misunderstanding of the law and attempt to assert claims that were not

cognizable.  The factual basis Plaintiff provides for his claim is that the only court with jurisdiction

to hear his habeas petition is the Eastern District of Texas, Tyler Division, and thus the Judges

prevented him from accessing this particular forum.  (Dkt. No. 1 at 13-14).  This claim is wholly

frivolous as it is an indisputably meritless legal theory.  *See Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998).  Proper venue for a petition for a writ of habeas corpus filed by an inmate in state

custody is governed by 28 U.S.C. § 2241(d).  This statute provides venue is proper in either district

where the plaintiff is incarcerated or where the plaintiff was convicted.  *Id.*  Further, the statute

provides the district court where the application has been filed gets to decide if the application

should be transferred.  *Id.*  Pursuant to this statute, the Eastern District of Texas, Tyler Division,

transferred Plaintiff's habeas petition to the Southern District of Texas, McAllen Division, citing

cases proposing the most appropriate venue for challenges of the legality of the conviction are

better suited for the district where Plaintiff was originally convicted.  Case No. 7:22-cv-112, Dkt.

No. 3 at 1-2.  *Cf. Walker v. Grubb*, No. 3:18CV2182/MCER/EMT, 2019 WL 542113, at *3 (N.D.

Fla. Jan. 10, 2019), *report and recommendation adopted*, No. 3:18CV2182/MCR/EMT, 2018 WL

528806 (N.D. Fla. Feb. 11, 2019) (noting that "to the extent Plaintiff's complaint is construed as

a petition for writ of habeas corpus under 28 U.S.C. § 2254, it is in the interest of justice to transfer

this case to the [federal District Court] which is the district within which the state court was held

which convicted and sentenced Plaintiff/Petitioner.").  Thus, Plaintiff's claim is frivolous as

Plaintiff was not denied access to any court by anyone, instead Plaintiff deliberately refused to go

forward in the district court with proper venue.

    For these same reasons, Plaintiff fails to state a claim as there are no facts that show relief

is plausible on its face.  *Twombly*, 550 U.S. at 570.  Plaintiff would have to demonstrate his

"position as a litigant was prejudiced by the defendant[s] actions."  *Brewer v. Guidry*, No. H-21-

3717, 2021 WL 5585736, at *2 (S.D. Tex. Nov. 29, 2021) (citing *Eason v. Thaler*, 73 F.3d 1322,

1328 (5th Cir. 1999)).  In other words, to show a violation of the right to access the courts, Plaintiff

would have to show the defendants "hindered his efforts to pursue a nonfrivolous action."

*DeMarco v. Davis*, 924 F.3d 383, 387 (5th Cir. 2019).  This Plaintiff cannot do that as Plaintiff

had access to the courts.  The Judges properly adjudicated Plaintiff's habeas petition *without prejudice* and informed him of the proper method to assert his claims.  Thus, Plaintiff suffered no injuries from any of the Judges' conduct and fails to state a plausible claim.

### c.  Privileges and Immunities Clause of Article IV Claim

Next, Plaintiff attempts to raise an argument based on the Privileges and Immunities Clause of Article IV of the U.S. Constitution.  (Dkt. No. 1 at 5).  Plaintiff alleges he was denied the "right/privile[]ge to assert a claim upon the article III Court for the Eastern District of Texas, Tyler Division for redress of his § 2241 habeas [c]orpus petition, as all others similarly situated prisoners." *Id.* at 15.  This clause does not provide the right Plaintiff believes it to.  The Privileges and Immunities Clause of Article IV is very specific and only provides a handful of rights. *Washington v. Glucksberg*, 521 U.S. 702, 759 n. 6 (1997) (Souter, J.) (concurrence).  The rights are centered on ensuring that "a citizen of State A who ventures into State B [has] the same privileges which the citizens of State B enjoy." *Toomer v. Witsell*, 334 U.S. 385, 395 (1948); *see also Lunding v. New York Tax Appeals Tribunal*, 522 U.S. 287, 296 (1998) ("The object of the Privileges and Immunities Clause is to 'strongly … constitute the citizens of the United States one people,' by 'plac[ing] the citizens of each State upon the same footing with citizen of other States, so far as the advantages resulting from citizenship in those States are concerned.'") (citing *Paul v. Virginia*, 8 Wall. 168, 180 (1868))).  Plaintiff's allegations do not concern *any* of these interests.  Thus, there is no legal or factual basis for Plaintiff's claim.  Further, he provides no facts that support a cognizable theory of recovery.  To the extent Plaintiff attempts to raise the Privileges and Immunities claim under the Fourteenth Amendment, the claim is also meritless. *See Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995) ("The Fourteenth Amendment protects against actions

11

by states but here, the federal government is the subject of petitioner's complaints making the

Fourteenth Amendment inapplicable.").

Thus, Plaintiff's claim should be dismissed as frivolous and for failure to state a claim.

### d.  Due Process and Equal Protection Claims

Plaintiff alleges he was denied due process under the Fifth Amendment and Fourteenth

Amendment.  (Dkt. No. 1 at 5-6).  It appears Plaintiff also attempts to raise an equal protection

argument under the Fourteenth Amendment.[7]  Plaintiff alleges he was denied these rights because

the Judges ignored his First Amendment access to the courts claim by not allowing him to use the

general provision found in 28 U.S.C § 2241 and instead ordering him to proceed under § 2254.

(Dkt. No. 1 at 14-15).  Plaintiff alleges this amounts to differential treatment because such an order

treats federal and state prisoners differently.  *Id.* at 17.

These facts do not allege a cognizable claim.  First, there has been no constitutional

violation of due process under the Fifth Amendment.  Second, as noted above, the Fourteenth

Amendment is inapplicable to federal action, it only protects citizens from state conduct.  *Richard*,

70 F.3d at 417.  But even if considered, no facts alleged by Plaintiff demonstrate a violation of any

of his constitutional rights.  Any liberty interest Plaintiff had was not obstructed by any federal

action.  Plaintiff was able to submit his habeas petition for review with no impediments.  Plaintiff

is not receiving unequal treatment as Plaintiff is being treated in the same manner as any other

state prisoner who seeks to file a federal habeas petition.  Plaintiff is required to file his federal

habeas petition subject to § 2254 as Plaintiff is in state custody.  *See Hartfield v. Osborne*, 808

F.3d 1066, 1072-73 (5th Cir. 2015) (noting that a petition under §2241 is limited by §2254 if the

---

[7] *See* Dkt. No. 1 at 6 ("Defendant…denied Plaintiff…the equal protection of law by her insistence that Plaintiff…could not rely on § 2241 article III petition to resolve constitutional infractions…"); *id.* at 7 ("Plaintiff Orlando Sanchez was denied the right to equal protection of the laws.").

individual is in custody pursuant to State court judgment); *see also Hopes v. Davis*, 761 F. App'x 307, 309 n.1 (5th Cir. 2019).

Thus, Plaintiff's potential due process and equal protection claims are frivolous on all grounds and do not state a cognizable claim.

**e.   Civil Conspiracy Claim**

Finally, Plaintiff alleges the Judges entered a civil conspiracy to defraud him of his constitutional rights. (Dkt. No. 1 at 21). Particularly, Plaintiff points to the orders issued by Judge Medrano,[8] which informed Plaintiff he may not use 28 U.S.C. § 2241 to circumvent the restrictions that govern review under the habeas corpus statute found in § 2254. *Id.* Plaintiff alleges this contention "was deceitful, and a misrepresentation of 28 U.S.C. § 2241 applicable law." *Id.* This claim is without merit. The Fifth Circuit has made clear how § 2241 and § 2254 work together:

> [O]ur case law makes clear that the two statutes do not represent an either/or dichotomy. "Section 2241 empowers a federal court to grant writs of habeas corpus while § 2254 applies to a subset of those to whom § 2241(c)(3) applies," mandating the deferential AEDPA standard of review specifically when a person is in custody pursuant to the judgment of a State court." *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) [citation omitted]. In other words, "§ 2254 is not an independent avenue through which petitioners may pursue habeas relief." [*Hartfield*, 808 F.3d at 1073]. Instead, all *habeas* petitions (as distinguished from the § 2255 *habeas motions* available to prisoners held pursuant to a federal court conviction) are brought under § 2241, and § 2254 places additional limits on a federal court's ability to grant relief if the petitioner is being held in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

*Topletz v. Skinner*, 7 F.4th 284, 293-94 (5th Cir. 2021).

In other words, it does not matter how Plaintiff characterizes his claim, if he is a state prisoner under a state court judgment, all the limitations under § 2254 apply to his habeas petition.

---

[8] *See* Case No. 7:22-cv-112, Dkt. No. 6 at 1-2, Dkt. No. 8 at 2.

Thus, Plaintiff's claim is frivolous because it is based on an indisputably meritless legal theory. *See Scott*, 157 F.3d at 1005.

Plaintiff also fails to state a claim upon which relief can be granted. To show a conspiracy in this context, there must be an agreement by the defendants to engage in the underlying constitutional violation. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). As the preceding discussion demonstrates, Plaintiff did not suffer any constitutional injury by having his habeas petition heard in the Southern District of Texas, or by Magistrate Judge Medrano's order informing Plaintiff his habeas petition must adhere to § 2254. Further, Chief District Judge Crane adopted Magistrate Judge Medrano's "Report and Recommendation" after review. Thus, based on conclusory allegations as well as review of the record, Plaintiff cannot make a cognizable claim of conspiracy.

### f. Judicial Immunity

Lastly, Plaintiff argues the Judges do not have judicial immunity. (Dkt. No. 1 at 10-11). Plaintiff filed this complaint against two federal judges alleging they violated his constitutional rights and requesting monetary damages. *Id.* at 30. "[A]" judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citations omitted). There are only two situations in which judicial immunity may be overcome. *Williams v. United States Court*, No. 3:24-cv-1661-S-BN, 2024 WL 3906330 (N.D. Tex. July 16, 2024). First, there is no judicial immunity from liability for nonjudicial actions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Second, there is no judicial immunity for judicial actions taken in "complete absence of all jurisdiction." *Id.; Stump v. Sparkman,* 435 U.S. 349, 355 (1978).

14

Plaintiff alleges judicial immunity does not apply to this case because the Judges did not have jurisdiction, only the Eastern District of Texas did. (Dkt. No. 1 at 11). Plaintiff misunderstands the law. As already discussed, jurisdiction was proper. *See Topletz*, 7 F.4th at 293-94; *Hartfield*, 808 F.3d at 1072-73. The Judges acted in their judicial capacity. Plaintiff does not demonstrate judicial immunity can be overcome.

### g. **Consideration of Motion to Amend**

Although *pro se* plaintiffs are typically allowed to amend their complaint before dismissal, this is not necessary when Plaintiff has pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Further, when deciding to dismiss with or without prejudice, the court should ask "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under this complaint." *Class v. Lumpkin*, No. 21-20560, 2023 WL 4763334, at *4 (5th Cir. July 26, 2023) (quoting *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)). If a Plaintiff has pled his best case and any amendment would be futile, dismissal with prejudice is warranted. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999).

On the present facts, there is no reason to believe Plaintiff could amend his complaint in a way that would make it viable. Indeed, legally, his best recourse is to file a proper §2254 petition with the court for consideration. As such, because Plaintiff has pled his best case, any potential amendment would not make any claims viable, dismissal with prejudice is appropriate.

### IV.    SERVICE OF PROCESS

Plaintiff requested the Court order service of summons on the defendants by U.S. Marshal. (Dkt. No. 1-1 at 16). A claim may be dismissed under § 1915A review before service on the defendants even if the prisoner has already paid the filing fee. *See Martin v. Scott*, 156 F.3d 578,

580 (5th Cir. 1998); *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Shakouri*, 923 F.3d at 410.

As discussed above, Plaintiff's claim does not survive § 1915A review; therefore, this request should be **DENIED**.

## V.    CONCLUSION

After careful review of the record and relevant law, the undersigned recommends the District Court **DENY** request for summons and summarily **DISMISS** this action **with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2).

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff.

**SIGNED** at McAllen, Texas, this the 7th day of October 2024.

Juan F. Alanis
United States Magistrate Judge